# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

Steven James Sturgill,          )
                                     )

            Plaintiff,       )     **ORDER DENYING MOTION TO**
                                     )     **AMEND SCHEDULING/DISCOVERY**
                                     )     **PLAN**
                                     )

            vs.                 )
                                     )     Case No. 4-15-cv-112

Williams County, ND, Ken Stenberg, Misty )
Falcon,                             )
                                     )

            Defendants.     )

---

Before the court is Plaintiff Steven Sturgill's Motion to Modify Scheduling/Discovery Order. (Docket No. 80). The court's Scheduling/Discovery Order (Docket No. 39) required Sturgill to submit his Expert Witness Disclosures and Reports by August 1, 2016. On September 19, 2016, the court received correspondence from Sturgill asking the court for additional time to review medical records and to find an expert witness. In an accompanying affidavit, Sturgill asserts he recently received requested medical records, without which he was unable to acquire an expert to review his case. In the affidavit, Sturgill attests he has identified Mr. Gahagan, a retired microbiologist who is also Sturgill's step-father, as a possible expert witness. Sturgill has not determined whether Mr. Gahagan would be able or willing to serve as an expert witness in his case.

The Defendants oppose Sturgill's motion. (Docket Nos. 81, 83). Reading their responses together, the Defendants argue modification is inappropriate because Sturgill's request is untimely and Sturgill has not identified how Mr. Gahagan, as a microbiologist, would be able to opine on his injury. The Defendants also note the court has already denied a similar request from Sturgill. On

August 18, 2016, Sturgill moved the court to modify the Scheduling/Discovery Order to give him another 120 days to acquire a medical expert because he was having difficulties in obtaining medical records. (Docket No. 69). The court denied the motion, concluding the request was untimely and Sturgill had not shown good cause warranting modification. (Docket No. 79).

The court does not see any reason to come to a different conclusion under these circumstances. Sturgill's current motion occurred a month after he filed his other untimely motion, making this motion all the more untimely. While Sturgill is proceeding *pro se*, he is bound by court ordered deadlines just the same as any other party. See United States v. Green, 691 F.3d 960, 965-66 (8th Cir. 2012). Moreover, Sturgill has not conferred with Mr. Gahagan about possibly testifying on his behalf, nor has he established how a microbiologist might be able to opine on his medical conditions. Identification of someone with a scientific background tangentially related to the subject matter of this case is not enough to warrant modification. Under these circumstances, Sturgill has not established good cause to warrant modification of the Scheduling/Discovery Order according to Fed.R.Civ.P. 16(b)(4). The Motion to Modify Scheduling/Discovery Order (Docket No. 80) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court