# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Steven James Sturgill, | ) |
| Plaintiff, | ) **ORDER RE PLRA** |
| | ) **EXHAUSTION** |
| vs. | ) |
| Williams County, ND, Ken Stenberg, | ) |
| Misty Falcon, | ) Case No. 4-15-cv-112 |
| Defendant. | ) |

## I.  BACKGROUND

Plaintiff was a pretrial detainee at the Williams County Correctional Center ("WCCC") when he initiated this action in August 2015. Plaintiff sues defendants for having violated his federal constitutional rights related to his having been diagnosed with a MRSA infection while incarcerated by the WCCC. Plaintiff alleges that Williams County and Stenberg failed to take adequate measures to prevent prisoners in the facility from contracting MRSA. He also sues all of the defendants, including defendant Falcon (a contract nurse) over his medical care, which he claims was neither constitutionally timely nor adequate.

Now before the court are motions for summary judgment by all defendants requesting dismissal of the case on grounds of qualified immunity and there having been no constitutional violation. The problem here, however, is that defendants Williams County and Stenberg alleged in their joint answer that plaintiff failed to exhaust his jailhouse remedies, stating:

XIV.

Plaintiff has failed to exhaust available administrative remedies before filing suit and his suit is accordingly barred by relevant provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

1

(Doc. No. 28). And, while Williams County and Stenberg have not made that defense a part of their present motion for summary judgement, there is nothing in the record indicating that they have waived or otherwise abandoned the defense.

**II.    DISCUSSION**

The Eighth Circuit has made clear to this court that it may not proceed to consider the merits of a prisoner action when a defendant has asserted as a defense the failure to exhaust jailhouse remedies as required by 42 U.S.C. § 1997e(a), a part of the the Prison Litigation Reform Act ("PLRA"). In Benjamin v. Ward County, 93 F. Supp. 3d 1106 (D.N.D. 2015), this court, after discussing the difficulty of the exhaustion issues in that case and that their resolution likely would require a mini-trial, proceeded to dismiss the case on the merits. The court concluded that this was appropriate under the particular circumstances of the case, which included (1) the fact that the case could readily be resolved on the merits while that was not true for resolving the failure-to-exhaust defense, (2) the fact that the defendant had not early on moved to dismiss on failure-to-exhaust grounds and, instead, had engaged in substantial merits discovery, and (3) the defendant urged the court to decide the case on the merits and only urged, in the alternative, that the dismissal (which would have been without prejudice) on the failure-to-exhaust grounds. The court concluded that bypassing the failure-to-exhaust defense was permissible in this situation given that the defense was not jurisdictional, that other courts had in comparable circumstances held or suggested that this course of action was permissible in appropriate cases, and that it did not appear the Eighth Circuit had ruled directly on the point. Id. at 1123-31.

This court was reversed on appeal with the Eighth Circuit concluding the court had erred in

not resolving the failure-to-exhaust defense before proceeding to the merits based on its prior precedent. In other words, there is no "wiggle room" once the affirmative defense is raised. Benjamin v. Ward County, 632 Fed.Appx. 301 (8th Cir. 2016) (unpublished per curiam). Upon remand, the defendant immediately filed a waiver of the failure-to-exhaust defense, and this court concluded that the post-remand waiver was permissible under Eighth Circuit precedent holding generally that the PLRA failure-to-exhaust defense can be waived. Consequently, the court re-entered judgment dismissing the case on the merits for the same reasons it had previously dismissed the case. Benjamin v. Ward, No. 4:12-cv-028, 2016 WL 2758266, at **2-3 (D.N.D. May 12, 1996). The case then went back up on appeal and the Eighth Circuit affirmed the dismissal, noting only the reasons for why the merits justified dismissal and without further mentioning the failure-to-exhaust defense or the post-remand waiver. Benjamin v. Ward County, __ Fed.Appx. ___, 2017 WL 752144, at *1 (8th Cir. Feb. 27, 2017) (unpublished per curiam).

This case is different from Benjamin in that here Williams County and Stenberg, while asserting in the PLRA failure-to-exhaust defense in their answer, did not include it in their motion for summary judgment. In Benjamin, the defendant had argued the failure to exhaust defense in its brief in summary of summary judgment, albeit only half-heartedly and in the alternative after first arguing for dismissal on the merits.

This may be a distinction without a difference. Unlike Fed. R. Civ. P. 12(h) which provides for a waiver of certain defenses if not asserted in the manner required by Rule 12, there is nothing in Rule 56, which requires that a party include in a motion for summary judgment all of the defenses that it then has available to it, and, for good reason. As the Seventh Circuit recently observed:

> It is not unusual or unfair for a defendant who believes he has a solid legal defense to assert that defense first in a Rule 12(b)(6) motion or summary judgment motion in the

> hope of winning an early and relatively inexpensive victory. Filing either sort of motion simply does not waive other defenses that may be available to that party. (Consider for a moment the consequences of a contrary ruling on that point, treating as waived a substantive defense that the defendant did not include in a summary judgment motion. That rule would create powerful incentives for defendants to load up summary judgment motions with all of their defenses, including theories that would have no hope on summary judgment even though they might be winners at trial. Imagine the costs and burdens for civil litigation, in return for no apparent benefit. And Rule 56 has no such waiver rule, as compared to Rule 12(h).)

Estate of Burford v. Accounting Practice Sales, Inc., 851 F.3d 641, 644 (7th Cir. 2017).

More to the point, the Second Circuit has specifically held that not including the PLRA failure-to-exhaust defense in a motion for summary judgement brought to assert other defenses does not constitute a waiver of the lack of exhaustion defense. Villante v. VanDyke, 93 Fed.Appx. 307 (2d Cir. 2004) (unpublished per curiam). In that case, the court stated:

> We have held that failure to exhaust administrative remedies is an affirmative defense to be raised and proven by a defendant. See Jenkins v. Haubert, 179 F.3d 19, 18–29 (2d Cir.1999). Generally, defendants are deemed to have waived the defense if they fail to raise it. See Travellers Int'l., A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1580 (2d Cir.1994). We have, however, never required defendants who have properly pled the defense in their answer to also file a motion for summary judgment on exhaustion grounds in order to preserve the defense. Indeed, Federal Rule of Civil Procedure 8(c) requires only that an affirmative defense be included in a responsive pleading, such as an answer, not that it be the subject of a pretrial motion, and Villante has pointed to no case suggesting otherwise. Fed.R.Civ.P. 8(c). Here, the answer stated, "Plaintiff has failed to exhaust administrative remedies." Villante has not identified any case law establishing that this language was insufficient to assert the defense of failure to exhaust administrative remedies under the PLRA. Accordingly, we conclude that VanDyke and Hall, having raised the exhaustion defense in their answer, did not waive the defense by failing to include it in their first motion for summary judgment.

Id. at 308-09. Similarly, the Third Circuit has held that defendant is not required to raise the PLRA defense of failure-to-exhaust in a dispositive motion. Rather, after properly preserving the defense by asserting it in an answer, the defendant under the Federal Rules may simply proceed to trial on the defense. The court stated:

> Drippe first argues that Gototweski waived the defense of exhaustion by failing to raise it in a timely motion for summary judgment. He asserts that Gototweski did not simply

> waive his ability to raise this defense on summary judgment, but that this is an affirmative defense that must be raised in pre-trial motion, and by failing to do so, Gototweski waived the defense entirely. In the present case, there is no dispute that Gototweski raised his affirmative defense in his Answer to Drippe's Amended Complaint. That he did not make a timely dispositive motion based upon this affirmative defense in no way means that he waived the defense; instead, he waived only his ability to receive summary adjudication of that defense. The standard for affirmative defenses is that "[f]ailure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense." Charpentier v. Godsil, 937 F.2d 859, 863 (3d Cir.1991) (emphasis added). Gototweski raised the affirmative defense in his responsive pleading, and he was, therefore, entitled to pursue this defense at trial, even if he waived the right to summary relief on that claim.

Drippe v. Gototweski, 434 Fed.Appx. 79, 81 (3d Cir. 2011) (unpublished).

In the Eighth Circuit, there are several cases where the failure to assert a defense when a summary judgment has been brought has amounted to a waiver. However, it appears that, in most (if not all of the cases), it was the failure of the party responding to a motion or cross-motion for summary judgment to assert the defense. See, e.g., Picht v. John R. Hawks, Inc., 236 F.3d 446, 451 (8th Cir. 2001); Commercial Union Ins. Co. v. McKinnon, 10 F.3d 1352, 1354 (8th Cir.1993). Further, even if the court intended that it would apply to those bringing the summary judgment motion, the cases most likely must be read as concluding that there was a waiver under the particular circumstances of the case and not as general rule given the lack of textual support in Rule 56 for automatic waiver.

The Eighth Circuit did hold in Yedell v. Tutt, 913 F.2d 533, 538-39 (8th Cir. 1990) that the defense of lack of personal jurisdiction can be waived by conduct inconsistent with that defense even though properly preserved in an answer. While some of the reasoning in that case may be applicable to this case, it is not at all clear that the Eighth Circuit would so hold with respect to the PLRA failure-to-exhaust defense (which is not jurisdictional), much less under the circumstances presented

here.[1]  Further, we do know from this court's experience in Benjamin that (1) not moving to dismiss on PLRA lack-of-exhaustion grounds before voluntarily proceeding with discovery on the merits and (2) urging the court to decide the merits instead of first resolving the failure-to-exhaust defense are likely not enough.

In view of the uncertainty created by the foregoing, the court will give defendants Williams County and Stenberg ten days to file a waiver of their PLRA failure-to-exhaust defense. Otherwise, the court will hold the current motions for summary judgment in suspense and most likely schedule what likely would amount to a bifurcated bench trial on the failure-to-exhaust defense. See Drippe v. Gototweski, 434 Fed.Appx. 79 (3d Cir. 2011) (unpublished) (upholding the trial court's decision to bifurcate the trial of the failure-to-exhaust defense); Benjamin v. Ward, 93 F. Supp. 3d at 1118 n.4 (discussing the nature of the proceeding required to resolve the issue).[2]  If the court does proceed

---

[1] In Yedell, the court stated in relevant part:
While the Tutts literally complied with Rule 12(h) by including the [personal] jurisdictional issue in their answer, they did not comply with the spirit of the rule, which is "to expedite and simplify proceedings in the Federal Courts." C. Wright & A. Miller, 5A Federal Practice and Procedure § 1342, at 162 (2d ed. 1990) (quoting E.I. Du Pont De Nemours & Co. v. Dupont Textile Mills, 26 F.Supp. 236, 236 (M.D.Pa.1939)).
* * * *
Here, the Tutts and Southern Capitol provided no more than a bald assertion in their answer that the court lacked personal jurisdiction over them. They then participated in discovery, filed various motions, participated in a five-day trial, and filed post-trial motions, all without raising the issue of personal jurisdiction or requesting a ruling on it. Now, upon appeal, they seek to assert this defense. We are faced with a record that contains no consideration of this issue; this is the type of situation the Federal Rules of Civil Procedure seek to avoid. We do not believe that the Tutts and Southern Capitol should be permitted to benefit by such tactics. Although the Tutts have not formally consented to this suit, we hold that their conduct in delaying consideration of this threshold issue manifests an intent to submit to the court's jurisdiction.
913 F.2d at 539.

[2] Defendant Falcon did not assert the failure-to-exhaust defense in her answer and probably for good reason. Most likely, she and her attorney have concluded that plaintiff's case lacks merit as to her and that she would prefer an adjudication on the merits rather than a delay necessitated by further proceeding on the failure-to-exhaust defense as well as the prospect of the dismissal most probably being without prejudice if the defense is successful. See Benjamin v. Ward County, 93 F. Supp. 3d at 1128 n.11(noting the fact that dismissal likely must be without prejudice). One consequence of a dismissal without prejudice may be that it may not be too late for Sturgill to exhaust his jailhouse remedies depending upon how they are written. See id. at 1128-29 (discussing that possibility). Also, if the case is

in that fashion, plaintiff remains free to argue that Williams County and Stenberg did in fact waive the defense.

## III. ORDER

Defendants Williams County and Ken Stenberg shall within ten days file with this court a statement that they are waiving the defense of plaintiff's failure to exhaust remedies as required by the PLRA. In the absence of an express waiver, the court must proceed to adjudicate that issue before proceeding with the merits.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

dismissed without prejudice and Sturgill has now been released from custody or is released during the period when suit can be brought, he likely would not have to comply with the exhaustion requirement if he commences the action anew. See, e.g., Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) ("[T]he exhaustion requirement does not apply to plaintiffs who file § 1983 claims after being released from incarceration."); Lesene v. Doe, 712 F.3d 584, 587-89 (D.C. Cir. 2013) (same and citing authority from other circuit courts). The problem for Falcon now, however, is that the other defendants have raised the issue and, if it is determined that plaintiff failed to exhaust his jailhouse remedies, it would mean dismissal for her as well given the underlying facts and claims that have been pled. In this situation, the most logical conclusion from what the Eighth Circuit has held to date is that, once the failure-to-exhaust defense is brought into play, the court lacks the power to consider the merits as to those who must be dismissed if the defense is successful.